IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD-DAVID.:HEMSLEY: A.K.A. RICHARD OF THE HOUSE OF HEMSLEY, <br><br>           Plaintiff, <br><br>    vs. <br><br> JEFFREY A HAWK, ET AL., <br><br>           Defendants. | CIV. NO. 23-00195 JAO-WRP <br><br> ORDER DISMISSING THE FIRST AMENDED COMPLAINT |

**ORDER DISMISSING THE FIRST AMENDED COMPLAINT**

In its simplest form, this is a case involving two traffic citations, which resulted in the impounding of a car. Pro se Plaintiff Richard-David Hemsley challenges these citations by bringing suit against the judges and prosecutors involved with it. Defendants the Honorable Jeffrey A. Hawk and the Honorable Bruce A. Larson ("Judicial Defendants") argue the Court lacks jurisdiction and also move to dismiss on Eleventh Amendment and judicial immunity grounds, ECF No. 32-1, and Defendants Woodrow Pengelly and Kelden B.A. Waltjen ("County Defendants" and collectively "Defendants") move to dismiss, arguing they have not been properly served and that the Court must abstain under *Younger v. Harris*, 401 U.S. 37 (1971), ECF No. 29-1.

For the reasons explained below, the Court DISMISSES Plaintiff's First Amended Complaint ("FAC").

## I.     BACKGROUND

### A.     Procedural History

Plaintiff initiated this action by filing his complaint entitled "Federal Tort Claim; Emergency TRO" on May 10, 2023.  ECF No. 1.  The Court, however, ordered Plaintiff to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction.  ECF No. 15 at 5 ("Order to Show Cause" or "OSC").  As the Court explained, "[w]ithout a valid federal statute authorizing suit, a constitutional violation, or diversity of citizenship with an amount of controversy exceeding $75,000, this Court has no basis to assert jurisdiction."  *Id*.

On June 13, 2023, Plaintiff filed the following: "Federal Injunction, Emergency TRO, and Other Relief," which he also titles as "Amended and corrected Claim for Damages and Redress of Grievances."  ECF No. 27.  County Defendants, on June 6, 2023, filed their motion to dismiss.  ECF No. 29.  Then on July 3, 2023, the Judicial Defendants filed their motion to dismiss.  ECF No. 32.

The Court interpreted Plaintiff's latest filing as both a FAC and response to the Order to Show Cause, and indicated to the parties that it will "address the extent to which Plaintiff's amended complaint responds to the Order to Show Cause in conjunction with Defendants' Motions."  ECF No. 33.  Plaintiff was

directed to file an opposition to both motions to dismiss no later than July 24, 2023, and Defendants to file a reply no later than August 1, 2023.  *Id*.

On July 21, 2023, Plaintiff filed a "Notice of Motion (Declaration, Decree and Protective Order) and Notice of required actions."  ECF No. 34.  Plaintiff did not address either motion to dismiss, but instead claimed that Defendants "have personally made false statements, performed unlawful conversions, conspired with road pirates, and agreed that rape is 'Good Sex' in the equally unlawful arrest, threat of harm, and harm caused to the above named living soul."  ECF No. 34 at 2–3.  In response, the Court indicated that it would not take any action on that filing since it did not seek any particular relief.  ECF No. 35.

Then on August 8, 2023, Plaintiff filed a "Court of Record Federal Injunction, Emergency TRO, and Other Relief," where he appears to address the Judicial Defendants' motion to dismiss.  ECF No. 36.  But the Court struck Plaintiff's filing because it was late and Plaintiff failed to seek leave of court to file his opposition after the deadline.  ECF No. 37 (citing Fed. R. Civ. P. 6(b)(1)(B)).  The Court warned Plaintiff that should he seek to file an opposition to the motions to dismiss, that he shall first seek leave of Court.  *Id*.  And until such leave is granted, the Court will treat both motions to dismiss as unopposed.  *Id*.

Plaintiff, once again, attempted to file a document without seeking leave of Court.  On August 28, 2023, Plaintiff filed a "Court of Record: Claim of Damages

and Petition for redress of grievances/injunctive relief With Exhibits," ECF No. 39, which the Court interpreted as an improper attempt at filing an amended complaint, ECF No. 40 (citing Fed. R. Civ. P. 15).  And like Plaintiff's previous filing, the Court struck the document.  *Id*.

**B.    FAC**

As directed by the Order to Show Cause, Plaintiff was required to address how the Court has subject matter jurisdiction.  In particular, Plaintiff was ordered to demonstrate a sufficient basis for jurisdiction by discussing the following:  (1) a valid federal statute authorizing suit; (2) a constitutional violation; or (3) diversity of citizenship with an amount in controversy exceeding $75,000.  ECF No. 15.  The FAC attempts to do that.

The FAC alleges that five federal statutes were violated.  They are as follows:

> [ ] Defendant Hawk has violated substantive Due process by modifying Claimants Innocent Plea to that of a commercial term of "Not Guilty" which we all know here is presumed guilt for Vatican banking purposes, (see flag's phoenix wings down displayed behind administrators), violating **18 USC §245** Federally protected activities and **28 USC §454** practicing law from the bench.
>
> [ ] Judge Larson denied in entirety Claimant's (Defendant in er.'s) motions for dismissal of the fraudulent charges showing his allegiance to the corporation and proving a lack of integrity or impartiality before trial, punishable by and through **18 USC §241**.

4

[ ] Judge Larson dismissed Claimant's valid claims under the common law, Constitutional Liberty of locomotion, and right to travel the public ways having been unlawfully trespassed upon, assaulted and arrested on private property while not traveling the public ways and not operating a motor vehicle (Commercial term).  No complaint from private property required the towing (Theft) of the private Hemsley Familia GodTrust registered property. – **18 USC §1583 Involuntary servitude**.

. . .

[ ] Though Claimant brought the facts of the above to the court's attention the judge threw out ALL motions and evidence, which ignored the **Foreign Sovereign Immunity Act of 1976** Codified in 28 USC ss1330, 1332, 139(f), 1441(d),and 1602-1611.

ECF No. 27 at 4 (emphases added).

As for a constitutional violation, Plaintiff alleges the following:

[ ] Judge Larson dismissed Claimant's valid claims under the common law, **Constitutional Liberty of locomotion, and right to travel the public ways having been unlawfully trespassed upon**, assaulted and arrested on private property while not traveling the public ways and not operating a motor vehicle[.]
[ ] Pertaining to more evidence as to racketeering: transcripts of the hearings Judge Bruce Larsen said on April 27th of 2023: "God does not regulate the operation of a motor vehicle in the State of Hawaii, I do."  The hubris is palpable, and though the judge should recuse himself it is more than apparent there will be only his justice having denied Claimant a jury trial.  **Violation of VII Amendment to the uS Constitution.**  Claimant was in no way involved in any commercial activity, being paid by passengers or by any person to traffic goods, which would authorize traffic codes/statutes to be applicable.

. . .

[ ] SHAPIRO VS. THOMPSON, 394 U.S. 618 April 21, 1969. **The right to travel** by private conveyance for private purposes

5

> upon the Common way can not be infringed.  No license or permission is required for travel when such travel is not for the purpose of commercial profit or gain.
>
> . . .
>
> [ ] "The claim and exercise of a Constitutional right (Liberty of locomotion) cannot be converted into a crime. . .  a denial of them would be a denial of **due process of law**"  Simmons v. United States, 390 U.S. 377 (1968).

*Id*. at 4–6 (emphases added).

As to diversity, Plaintiff simply states that he is a "California (Republic) 'American National' of the Land known as united States of America a republic," and that "Claimant has previously questioned the prosecution and court as to Jurisdiction as there was clear diversity of parties."  *Id*. at 3–4.  To meet the amount in controversy, Plaintiff's alleges damages in the amount of $16,139,500, which he attempts to substantiate by listing 69 instances of "breach" committed by the Defendants.  These include, but are not limited to, $250,000 for "DENIED RIGHT TO TRUTH IN EVIDENCE," $200,000 for "ARMED CONSPIRACY AGAINST RIGHTS OF PEOPLE," and $250,000 for "DENIED RIGHT OF REASONABLE DEFENSE ARGUMENTS."  *Id*. at 11–13.

Lastly, the FAC seeks several remedies, which include, but are not limited to the following:

> [ ] Injunction for immediate halt to all actions, decision, determinations, warrants in and around citation # 3DTA-22-02479 and # 3DTI-22-027271.

6

[ ] Censure judge Jeffrey Hawk & Bruce Larson and prosecutors for being part of Title 18 USC §241 & §242 acts.

. . .

[ ] Compensate the House of Hemsley for the loss of real Property[.]

*Id*. at 8–9.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint.[1]  *See* Fed. R. Civ. P. 12(b)(1).  A jurisdictional attack pursuant to Rule 12(b)(1) may be facial or factual.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).  A facial attack challenges the sufficiency of the allegations contained in a complaint to invoke federal jurisdiction, while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), the Court accepts as true the material facts alleged in the complaint and construes

---

[1]  *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." (citations omitted)).

them in the light most favorable to the nonmovant.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (explaining the rule that courts generally do not consider materials beyond the pleadings when deciding Rule 12(b)(6) motions).  Moreover, Plaintiff is appearing pro se, so the Court liberally construes the allegations in the SAC.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.   DISCUSSION

Courts must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).  But being pro se does not give a litigant a free pass to sue

8

anyone, especially those generally immune to suit, nor can the Court read into the FAC that which does not exist.

Because the Court concludes that Plaintiff has not sufficiently responded to the Order to Show Cause, or even if he has that dismissal is warranted on other grounds, the Court DISMISSES the FAC for the reasons set forth below.

## A.    Order to Show Cause

In its Order to Show Cause, the Court outlined three shortcomings of the complaint, none of which the FAC adequately addresses.

First, the Court points out that the complaint did not validly rely on a federal statute authorizing suit.  The FAC cites to five federal laws—18 U.S.C. § 241; 18 U.S.C. § 245; 18 U.S.C. § 1583; 28 U.S.C. § 454; 28 U.S.C. 1608—but as explained below, none can be the basis for Plaintiff's suit.

Only one of the federal laws cited by Plaintiff offers a private right of action. *See Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. July 11, 1985) ("Plaintiff's complaint states that his action also 'arises under' sections . . . 241, 245 . . . of Title 18.  Sections 241, 242, and 245 relate to deprivation of civil rights, however there is no private right of action under any of these statutes.  The other provisions of Title 18 do not secure rights to plaintiff." (citations omitted)); *Risley v. Hawk*, 918 F. Supp. 18, 21 (D.D.C. Feb. 15, 1996) ("18 U.S.C. §§ 113, 211, 241, and 1583 define certain acts, such as bribery and assault, as criminal offenses.

Such criminal offense provisions do not create a private cause of action." (citations omitted)); *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. Oct. 31, 1997) ("Title 28 U.S.C. § 454 provides that any federal judge 'who engages in the practice of law is guilty of a high misdemeanor.' The statute does not create a private cause of action, and [plaintiff] inappropriately applies this federal statute to the state judges in his lawsuit.").

The only federal law that Plaintiff cites which offers a private right of action is the Foreign Sovereign Immunity Act of 1976 ("FSIA"). *See* 28 U.S.C. § 1608. However, that statute is inapplicable because it "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 30 (citation omitted). According to the FSIA, it "shields foreign states and their agencies from suit in United States courts unless the suit falls within one of the Act's specifically enumerated exceptions." *Id*. at 29. Since this is not a case involving a foreign state or agency, but instead involves a traffic incident that occurred in Hawai'i and based on Hawai'i law, Plaintiff cannot use FSIA to form the basis of his FAC.

Second, the FAC fails to sufficiently allege a constitutional violation. Plaintiff argues that he was denied a jury trial, in violation of the Seventh Amendment to the United States Constitution. ECF No. 27 at 5. But that argument is unavailing. "The Supreme Court has expressly refused to accept a

total incorporation of the Fourteenth Amendment, whereby the Amendment is deemed to subsume the provisions of the Bill of Rights en masse and continues to include the Seventh Amendment as a constitutional provision that it declines to apply to the states." *Pina v. City of Long Beach*, 2019 WL 6998662, at *7 (C.D. Cal. June 28, 2019); *see Bridgewater v. Bankson*, 2010 WL 291786, at *4 (N.D. Cal. Jan. 19, 2010) ("[W]hile the U.S. Constitution's Seventh Amendment protects the right of federal litigants to a jury trial, the amendment has never been incorporated to the states through the Fourteenth Amendment."). Therefore, Plaintiff's Seventh Amendment claim must be dismissed.

Plaintiff then argues that he has been deprived the right to travel. ECF No. 27 at 4 ("Judge Larson dismissed Claimant's valid claims under the common law, Constitutional Liberty of locomotion, and right to travel the public ways[.]"); *id.* at 6 ("The right to travel by private conveyance for private purposes upon the Common way can not be infringed. No license or permission is required for travel when such travel is not for the purpose of commercial profit or gain."). As explained in the case Plaintiff cites in his FAC, *Shapiro v. Thomsom*, 394 U.S. 618 (1969), there is indeed a "constitutional right to travel." But that constitutional right encompasses "the right of a citizen of one State to enter and to leave another State," and (2) "the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State." *Saenz v. Roe*, 526

11

U.S. 489, 500 (1999).  So the constitutional right to travel does not include a right to intrastate travel in one's vehicle, which is the case here.

Plaintiff's last attempt at arguing a constitutional violation is his use of the words "Due Process" twice throughout the FAC.  Once, in relation to his "right to travel."  *See* ECF No. 27 at 6.  And second, in connection to 18 U.S.C. § 245 and 28 U.S.C. § 454.  *Id*. at 4.  But as explained above, because there is no constitutional right to travel within a state there can be no due process violation.  And also as previously explained, reliance on those statutes are futile since neither provide a private right of action.

Based on the foregoing, the Court concludes that all of Plaintiff's purportedly federal or constitutional claims are wholly insubstantial or frivolous, and have been cited solely in an attempt to achieve jurisdiction, and thus do not confer federal question jurisdiction.  *See Bell v. Hood*, 327 U.S. 678, 68–83 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (same).

Finally, even in liberally construing Plaintiff's FAC, the Court also concludes that it does not have jurisdiction based on diversity, i.e., over cases

where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants.  *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)).

Here, Plaintiff contends that he is a "California (Republic) 'American National' of the Land known as the united States of America a republic."  ECF No. 27 at 2.  But that answer is not sufficient enough for the Court to conclude where Plaintiff's citizenship is.  And more telling, Plaintiff does not address at all the citizenship of any of the Defendants.  Instead, he only states that there is "clear diversity of parties," *Id*. at 4; that is not enough to meet his burden of proof.  *See Digital Media Solutions, LLC v. Zeetogroup, LLC*, 2022 WL 16639293, at *5 (S.D. Cal. Nov. 2, 2022) ("First, the party asserting diversity jurisdiction bears the burden of proof.") (internal quotation marks and citations omitted).

And similar to citizenship, Plaintiff does not satisfy the amount in controversy prong of diversity.  In the FAC, Plaintiff claims damages in the amount of $16,139,500 based on 69 different alleged breaches by the Defendants.  But "[c]onclusory allegations as to the amount in controversy are insufficient."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir.

2003).  The FAC does not allege enough facts to demonstrate the existence of 69

breaches, and the Court seriously questions the Plaintiff's ability to expand a traffic

incident in such a way as to lead to the amount alleged.

As explained above, the FAC has not sufficiently responded to the Order to

Show Cause to carry Plaintiff's jurisdictional burden, and therefore the Court

DISMISSES the FAC.  But even if Plaintiff's citation to the federal statutes or

constitutional provisions discussed above *is* sufficient to confer jurisdiction, the

Judicial and County Defendants argue dismissal is warranted on other grounds as

well.  The Court agrees, and so addresses those motions in turn.

## B.    Judicial Defendants' Motion to Dismiss

The FAC names Judge Hawk and Judge Larson as Defendants.  According

to Plaintiff, Judge Hawk "modif[ed]" his "Innocent Plea to that of a commercial

term of 'Not Guilty,'" in violation of federal law.  ECF No. 27 at 3.  And as to

Judge Larson, Plaintiff alleges that Judge Larson wrongfully denied his motions

and improperly dismissed his "right to travel the public ways." *Id*. at 3–4.  In

response, the Judicial Defendants argue that, if they were sued in their official

capacities, the Eleventh Amendment immunity bars such suit.[2]  And if sued in their

---

[2]  The FAC is silent as to what capacity, official and/or individual, the Judicial
Defendants are being sued.  *See* ECF No. 27.  The case caption simply states,
"Jeffrey A. Hawk and Bruce A. Larson as Judge." *Id*.

14

individual capacities, the Judicial Defendants enjoy absolute immunity from civil liability.  The Court agrees.

### 1.      Eleventh Amendment

"The Eleventh Amendment shields unconsenting states from suits in federal court," *K.W. v. Armstrong*, 789 F.3d 962, 974 (9th Cir. 2015) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)), and bars individuals from bringing lawsuits against a state or an instrumentality of a state for monetary damages or other retrospective relief.  *See Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016).  It "applies regardless of the nature of relief sought and extends to state instrumentalities and agencies." *Krainski v. Nevada ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)).  Suits against state officials in their official capacities are likewise barred because they constitute suits against the state itself.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  State law claims asserted in federal court against states, state agencies, and state officials acting in their official capacities are barred by the Eleventh Amendment.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Cent. Rsrv. Life of N. Am. Ins. Co. v. Struve*, 852 F.2d 1158, 1160–61 (9th Cir. 1988).

Eleventh Amendment immunity is not absolute, however.  Congress may abrogate a state's immunity, or a state may waive immunity.  *See Clark v. California*, 123 F.3d 1267, 1269 (9th Cir. 1997).  In addition, under the *Ex parte Young* exception to Eleventh Amendment immunity, "private individuals may sue state officials in federal court for prospective relief from ongoing violations of federal law, as opposed to money damages, without running afoul of the doctrine of sovereign immunity."  *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019) (citing *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–55 (2011)).  *Ex parte Young* is based on the proposition "that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes."  *Va. Office for Prot. & Advocacy*, 563 U.S. at 255.  It does not apply "when the state is the real, substantial party in interest."  *Id.* (internal quotation marks and citation omitted).  "A state is deemed to be the real party in interest where 'the judgment sought would . . . interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'"  *Cent. Rsrv.*, 852 F.2d at 1161 (alteration in original) (some internal quotation marks and citation omitted).

Here, the State has not consented to suit, nor has Congress abrogated immunity for any of the federal statutes that Plaintiff's claims rely on.  More plainly, the Eleventh Amendment bars Plaintiff's claims against Judge Hawk and

Judge Larson because they are instrumentalities of the State of Hawaiʻi.  *See*

*Urban v. DeWeese*, 2022 WL 17819655, at *4 (D. Haw. Dec. 20, 2022)

(concluding that because Judge DeWeese, a judge from the Third Circuit Court, is

an instrumentality of the State of Hawaiʻi she is immune from suit due to the

Eleventh Amendment); *Roberson v. Recktenwald*, 2022 WL 3786828, at *9 (D.

Haw. Aug. 30, 2022).

Plaintiff does seek both monetary damages and retrospective relief, and so to

the extent he seeks monetary damages against the Judicial Defendants, those

claims are barred by the Eleventh Amendment.  The FAC, however, is silent as to

whether Plaintiff's monetary damages apply to the Judicial Defendants and/or

County Defendants.  In fact, the FAC makes it a point not to distinguish between

Defendants and explains that "[t]he AUTHORITY FOR FINES (DAMAGES)

CAUSED BY CRIMES BY GOVERNMENT OFFICERS: PERPETRATORS

INCLUDING AUTHORIZING BODIES, CAPTAINS, CHIEFS, SUPERVISORS,

EMPLOYERES, AGENTS, CLERKS, ADMINISTRATORS, JUDGES" and that

the damages "were determined by GOVERNMENT itself for the violations listed."

ECF No. 27 at 10.  But upon closer inspection, Plaintiff lists several monetary

damages based on breaches that could only be tied to the Judicial Defendants.

Those include, for example, "DENIED RIGHT TO TRUTH IN EVIDENCE,"

"DENIED RIGHT OF REASONABLE DEFENSE ARGUMENTS,"

"UNLAWFUL INCARCERATION," and "DENIED PROPER WARRANT(S)." *Id*. at 11–12.

The Court therefore concludes that Plaintiff cannot state a claim against the Judicial Defendants in their official capacities for damages and retrospective relief because such suits are barred by the Eleventh Amendment.[3]  Such claims against the Judicial Defendants are therefore DISMISSED.

### 2.    Absolute Judicial Immunity

 "[C]ommon law has long recognized judicial immunity, a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), *as amended* (Sept. 6, 2002) (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)) (other citation omitted); *see also Duvall*, 260 F.3d 1124, 1133 (9th Cir. 2001) ("It is well settled that judges are generally immune from suit for money damages." (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)).  Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a

---

[3]  To the extent Plaintiff has alleged any claim for prospective relief against the Judicial Defendants in their official capacities, i.e., under *Ex parte Young*, they are also dismissed.  For one, as discussed above, Plaintiff has not alleged an ongoing constitutional violation.  Second, any such claim would be subject to dismissal based on *Younger* abstention, as discussed below.  And finally, it appears possible Plaintiff's request—related to this Court enjoining what happened in state court—would be barred under the *Rooker-Feldman* doctrine.  *See Roberson*, 2022 WL 3786828, at *5.

malicious or corrupt judge, but for the benefit of the public." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal quotation marks and citation omitted).  Ultimately, "judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id*. (internal quotation marks and citation omitted).

While the FAC is silent as to whether the Judicial Defendants are being sued in their official or individual capacities, if damages are sought "it is presumed that the officials are being sued in their individual capacities." *Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994).  And if the Judicial Defendants are sued in their individual capacities, the Court must then determine if the alleged acts "relate to the judicial process." *See Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021) (listing factors to determine whether an act is judicial and thus shielded by judicial immunity).

The Court finds that the adjudication of traffic citations is absolutely within the purview of the Judicial Defendants.  Both Judge Hawk and Judge Larson acted within their statutorily prescribed jurisdiction as district court judges for the State of Hawai'i.  *See* Haw. Rev. Stat. § 291D-4(a) ("All violations of state law, ordinances, or rules designated as traffic infractions or emergency period infractions in this chapter shall be adjudicated in the district and circuit where the alleged infraction occurred, except as otherwise provided by law.").

19

Plaintiff's claims against the Judicial Defendants in their individual capacities, then, are barred by absolute judicial immunity and are DISMISSED.

## C.   County Defendants' Motion to Dismiss

The County Defendants argue that dismissal is proper based on *Younger* abstention .  The Court agrees.

"The doctrine of abstention involves a decision by a federal court to decline to exercise jurisdiction over the underlying claims for reasons of comity." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016) (citations omitted).  In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court is prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" warranting federal intervention.  *Id.* at 43–54.  *Younger* abstention was then extended to civil cases and the test, whether criminal or civil, is the same: the state court proceeding (1) is ongoing; (2) is a quasi-criminal enforcement action or involves a state's interest in enforcing the orders and judgments of its courts; (3) implicates important state interests; (4) provides an adequate opportunity to raise federal challenges; and (5) would be enjoined by the federal court action or where the federal proceeding would have the practical effect of doing so, and no exception to *Younger* applies.  *See Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018).

Notwithstanding the fact that the County Defendants' motion to dismiss is unopposed, all criteria for abstaining under *Younger* are present.  First, Plaintiff's two traffic court proceedings are still ongoing as is evidenced by the fact that no final judgments have been issued.  *See* ECF No. 29-1 at 5.[4]  Indeed, in 3DTA-22-02479, Defendant's motion to continue court date was granted on September 28, 2023.  And as for case 3DTI-22-027271, its status is listed as "Active Case."

Second, Hawai'i has an important interest in maintaining the integrity of its court proceedings.  *See Makanani v. Wagutsumu*, 2019 WL 7373030, at *7 (D. Haw. Dec. 31, 2019) (explaining that the enforcement of court proceedings implicates important state interest).

Third, the State also has an important interest in enforcing its own laws, especially those that affect the health and safety of its citizens, for example traffic laws.  *See State v. Powell*, 61 Haw. 316, 320, 603 P.2d 143, 147 (1979) ("We believe that the State has a legitimate and substantial interest in promoting the safe use of its streets and highways.  Accordingly, its authority to stop vehicles in cases

---

[4]  Defendants asked the Court to take judicial notice of two state court proceedings, which are the basis of Plaintiff's complaint—*State v. Richard Hemsley*, 3DTI-22-027271 and *State v. Richard Hemsley*, 3DTA-22-02479.  *See* ECF Nos. 29-1 at 3, 32-1 at 2.  Under Federal Rule of Evidence 201, the Court takes judicial notice of those two court proceedings.  Fed. R. Evid. 201(b), (c)(2) (A court may take judicial notice of facts "not subject to reasonable dispute" that either "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

of Observed traffic or equipment violations cannot be seriously questioned.")
(citations omitted).

Fourth, there is nothing that would suggest to the Court that Plaintiff would
be precluded from raising any federal or constitutional challenges.  Indeed, "a
federal court should assume that state procedures will afford an adequate remedy,
in the absence of unambiguous authority to the contrary."  *Pennzoil Co. v. Texaco,
Inc.*, 481 U.S. 1, 15 (1987).

And as to the fifth element, Plaintiff seeks an injunction to halt "all actions,
decision, determinations, warrants" related to the two state court proceedings and
to censure Judicial Defendants.  So should the Court render decisions related to
Plaintiff's FAC, it would have the practical effect of directly enjoining the state
court proceedings.

All five elements have been satisfied and the Court finds it appropriate to
DISMISS the case based on *Younger* abstention.  Based on this conclusion, the
Court need not address the County Defendants' separate argument that dismissal is
warranted because Plaintiff failed to properly serve them.

## IV.   CONCLUSION

For the reasons articulated above, the Court DISMISSES the First Amended
Complaint.  Based on the reasons for dismissal, the Court concludes that granting

22

leave to amend would be futile, and therefore directs the Clerk of Court to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, September 29, 2023.

Jill A. Otake
United States District Judge

CIV. NO. 23-00195 JAO-WRP; *RICHARD-DAVID.:HEMSLEY: A.K.A. RICHARD OF THE HOUSE OF HEMSLEY v. JEFFREY A HAWK, ET AL.*; ORDER DISMISSING THE FIRST AMENDED COMPLAINT.